Good morning, Ryan Moore on behalf of the appellant LKAV. This court has construed the Federal Juvenile Delinquency Act as a procedural and substantive enclave for juveniles that shields them from the ordinary criminal justice system by providing protective treatment and handling not available to adults. Within this comprehensive parallel universe, if you will, for juveniles, Section 5037E is a broad grant of authority that allows a district court to order a complete study of an alleged juvenile's capabilities or mental defects. This expansive language allows a district court to study competency, which is entirely consistent with the JDA's purpose as an enclave and its structure as an all-encompassing parallel system for juveniles that expressly incorporates non-FJDA provisions only when it means to do so. Given this plain language, it's the government's burden to come forward and show the Court why 4241 does apply. And neither the language nor the legislative history of 4241 so indicates. Starting with the text, the very first line of 5037E, that first sentence announces how broadly this statute applies. If the Court desires more detailed information, there's no limitation, no specific purpose to identify. That is a very, very broad statement. Going on to the third sentence, the Court may order a complete study, again with no limitation, and then in a non-exhaustive list of capabilities and mental defects. We know Congress has used the term mental defects in relation to competency. It did so in 4241A. It says it's a condition that can render one incompetent. We know also that 5037E certainly includes as well disposition study, a sentencing study before sentencing. It doesn't give a lot of guidance, though, does it? It doesn't give a lot of guidance to the Court where 4241 does give some very specific guidance. 4241 sets forth a much more detailed procedure, certainly. But 4241 does not incorporate juveniles with its applicability. And the ---- Is there anything to prevent the Court, even if it doesn't apply, to look at it as for some guidance as how to proceed with a juvenile? Absolutely not. And our position is that 5037E applies, but that 4241, even in a juvenile case, provides a guide, a framework, and maybe the outer boundaries, if you will, of what's going on in a juvenile case. Do you agree with me? I'm agreeing that a court applying 5037 could use 4241 as a general framework for how to go toward the problem. That's all I'm saying. But that the court would be required to use 5037E as the mechanism for the commitment. You know, the JDA, we see throughout the JDA that it is not nearly as detailed and fleshed out as its the parallel provisions in the adult scheme. You look at detention in the JDA v. the Bill of Reform Act, look at disposition or sentencing in the JDA under its counterparts. I mean, the JDA is ---- much more discretion is left to the court under the JDA to enforce the JDA's mandates to treat juveniles in the least restrictive manner. Let me stop you just a little bit. And there's a couple of questions that I'm a little worried about here with this particular matter. It seemed to me that November of 2001 that your client, or excuse me, that the government moved to commit your client pursuant to 18 U.S.C. 4241. At that point, to an adult facility. I didn't find in the record any place where you opposed such a motion. Instead, what you said was, I don't worry about that motion, but I want the evaluation done locally. In other words, I'm asking that a competency hearing be done before we do this, but that it be done locally. And the magistrate court granted your request, said that the examination should be done at Phoenix. Now, after having this examination, then you file for a commitment under 5037E. Why is it that I shouldn't think that you waived that opportunity by not opposing the motion in the first place, getting what you wanted, which was, doesn't matter to me about this motion, all that matters is that it be done locally? Your Honor, for these reasons, there was no waiver and there was no sandbagging of the court or the government on this issue. And I think the critical distinction is that the court has stated that the procedural history is not entirely accurate. I think that the key here is that I believe that the way the court has stated the procedural history is not entirely accurate. The government on day two of the case did make a motion for commitment under 4241, but either that day or several days later withdrew that motion when we indicated that we preferred to have a local evaluation first, and the magistrate even agreed, I don't commit anybody without at least one evaluation. So we then, before anybody else. So the government withdrew the motion? Its initial motion. We then obtained a local competency evaluation. They filed another motion after this was all done, especially when you filed the motion to proceed with the commitment under 5037E, but I didn't see anything in the record that suggested they withdrew the first motion. It happened. It's in the record, Your Honor. It did withdraw the first motion. After we obtained our initial evaluation and provided that to the court and the government, at that time, the government filed a second motion to commit under 4241D. At that time, we urged the 5037E issue, and then the court, for the first time, addressed, am I going to commit this person? Yes. The report says he's incompetent, and under what provision? All right. My second question, which is outside of the merits. It's a little bit outside. If your client is released from custody prior to resolution of this case, is this appeal moot? If he's released entirely from Federal custody, including. Entirely. I mean, I know what the judge did just recently, which isn't a part of the record. Nobody's appealed it. But supposing that your client is released from custody altogether before we get this decision made, is the appeal moot? No, Your Honor. If he's released altogether, it's still not moot, because it falls within the Howard except it's capable of repetition. Why is it capable of repetition? Well. It seems to me that that's the least best argument you could make. I may be for somebody else, but as for him, I don't think there's any repetition whatsoever. Are you saying that because others might be in a similar circumstance as this weird thing? I do want to say that. Let me pose certain scenarios. If he's released, if he's found competent and returns before you address the issue, the case is not moot because he could still become incompetent again before resolution of his final case, given the psych evaluation of the record. Well, my worry is, my worry is that the government's got to establish to somebody that they get the right to continue to keep somebody in custody and do what they're doing in this particular situation, even what the statute says under 4241. And I expect you're going to be there to shout. And so my worry is that we take this under advisement and we say we're going to decide what to do, but before that, somebody comes to their senses and says, even under 4241, we've got no right to keep him any longer, competent or not. We've got to go do something else. If we proceed to a civil commitment inquiry with this person, if he's found not restorable, comes back, and nobody can proceed on the criminal case and we go forward to 4246, the case will not be moot because his commitment to the Attorney General's custody for the 4246 evaluation was pursuant to 4241d. 4246 in those circumstances would require and presume a valid commitment order under 4241d. 4241d cross-references 4246 and vice versa. Even if he's released altogether and there's no civil commitment attempt, the case is still not moot because it's a fleeting pretrial issue that another juvenile could become incompetent, the same mechanism could be urged, and most importantly That's the same argument you're making in your briefs? I just don't need you to give me that argument if that's the only argument you're making. I just want to know why it wouldn't be for this particular defendant, moot, not what he can do for everybody else in the system. Well, if he's found not restorable, the district the magistrate judge has already ordered in the existing commitment order a 4246 evaluation for dangerousness. That alone makes this case not moot if he's found not restorable. And if he is restorable, if he is restored, excuse me, it may be that given his deficits and his memory problems that he's going to forget everything he's learned before trial and he'll have to go back again for another commitment. Doesn't the record show that group treatment for your client might be helpful? Yes, Your Honor, the record does show that. So what harm does he suffer by being in contact with adults? He is a mentally immature person, and we do not believe that it's in his best interest to be sitting around a prison all day long with adult criminal defendants. Regardless, Congress has told us that juvenile, those charged under the FGDA, may not be housed with adults during their case. Moreover, at this particular facility, he's also far from his family, with little contact, and it's a facility where the only options are, one in violation of the JDA, the other harmful to his restorability, sit with adults or be in segregation. What do you want? What remedy on this record are you requesting? We're asking the Court to hold and rule that 5037E is the appropriate mechanism and to – which would cause a hearing in the district court. This juvenile would come back from where he is at FMC Butner, and the hearing would be to determine where is an appropriate, suitable facility for this person. Now, even under 5037E, that decision is the attorney general's, okay? But the district court, we argue, has a duty before it commits a juvenile under the JDA, either to serve a sentence or for this purpose, to know where the juvenile is going, what are the conditions, what's the – what's the duration, and to be sure that it complies with the JDA. And so we would come back. Thus far, we've been prevented from – denied the opportunity to make that determination as to what the proper best facility is under the JDA. And it's not just that the defense can go out and do that. It's the attorney general who designates. It's the attorney general and the BOP who has the authority to go and contract with local. I would suggest that the attorney general was, in this case at least, attempting to do what was considered best for the juvenile. He was putting him in a – in a treating situation. And you know as well as I do, it's not – the record doesn't show it. He's 17 years old. Had he done this same thing when he was 18 years old, he would have been an adult because a juvenile – it's over when he reaches 18. So I understand your – it's a nice ring to it to say, oh, he's a juvenile. And it's a nice ring to it to say he's in now with a bunch of adults. But if they had done the very simple thing of declining jurisdiction, which quite often is done so that the person is handled as an adult, this same 17-year-old would be an adult. They would have had to have on this record, considering the offense. I assume it wasn't done because he has tested fairly low, isn't it, with his IQ. Otherwise, I think he would have been declared an adult. You don't think so? We're going to decide on this record. We're going to decide on the record. But when we decided on the record, we have to consider all the things you're arguing. And what you're concerned about is that this Court on this record put this juvenile in a situation where he could get what in, I hope, everybody's consideration was in his best interest. He needed treatment, and they put him in a facility. It happened that the only facility was not where everybody thought it was, but it is what everybody thought it was. Isn't that pretty much what's expected? We don't know that this is the best facility. And I suspect that there is a local facility that could be contracted with, as was indicated in the record. But if the government wanted to do it. Did anybody show that in this record? We haven't had the opportunity yet, because under 4241d, we have no input. Not even the district court has any say or supervisory authority at all over where the commitment is. All the district court can do is say, if you're not competent, you have to go to the district court, and they'll decide where to put you. We believe that he's in the wrong facility, and that if the Court had a more active role in that process, the commitment process, as it would under 5037e, that a more appropriate, a closer facility, less restrictive treatment conditions could be found, and that the attorney general could, in fact, accommodate this person. And this doesn't just involve this particular case and defendant. But there are other juveniles who ---- In your view, would he be released if he's sentenced as a juvenile? If he's sentenced as a juvenile, he can receive a period of official detention up to his 26th birthday. Pardon me? Up to his 26th birthday, I believe, is the far end of how much time he could serve. I thought it was less. You might be right. I haven't checked. Thank you. Do you have other arguments? I'll reserve my remaining minute. Thank you. Good morning, Your Honor. Chris Cabanillas on behalf of the government from the District of Arizona. The government would just respectfully submit, just to answer Judge Ferris's question, the district court decided on Monday in that order that we provided to this court that neither party had identified any other appropriate facility besides Butner, and that even if 5037E applies, and I think this touches on Judge Burgess's question, that she would find that inpatient treatment would be a necessity based on the facts of this case. There are certainly some practical questions about what difference right now it would make, but we would submit the district court correctly determined that 4241 applied, properly committed this individual to the attorney general's custody, and they determined that Butner was the appropriate facility. I mean, there's, again, lots of medical folks there who are trying to treat the defendant. They've recently determined on Monday, the district court did, that the commitment could be extended for another four months. And we have obviously laid it out in our briefs why 4241 applies and the plain language that reflects dependence. Let me ask you a question about that, because that's the worry that I have. It seems to me that Section 5032 uses the term alleged juvenile delinquent. Would you agree? You mean 5037, Your Honor? 5032. Or, yes, 5032. 5032. I'm sorry. I thought we were talking about 5037E. Am I? No, I'm talking about 5032. What I'm talking about is how this was really put together. Because this person was an alleged juvenile delinquent, you proceeded, as Section 5032 requires, as I understand it, as you began this case. Oh, you're talking about the beginning of the proceedings. Yes. I'm sorry, Your Honor. So you proceeded under 5032. Mm-hmm. Under the juvenile. As an alleged juvenile delinquent. Correct. So I guess my biggest problem was, is why should I construe the alleged juvenile delinquent to mean something different in 5037? Your Honor, the government hasn't taken the position that 5037 does not apply to alleged. It says so. As this Court knows, in juvenile mail, that's the only case we found that cited 5037E. The government moved to have the defendant, under that provision, studied. And that was before a determination of whether he should be transferred to adult status. So the question in this case, though, is, does 5037, which is what the defendant suggests applies here, trump 4241 in terms of competency? And what the magistrate and district court properly found is that 40241, the competency statute, is a competency statute. And you think it applies to all defendants. Yes. Regardless of whether or not they're juveniles. Yes. And 5037E is not a competency statute. You see, the defendant's argument might have some traction if you looked at 5037E and said, you know, that's a competency statute for juveniles. Now let's take a look. Does 4241 trump it or something like that? 5037 is not a competency statute. It's just, does the Court want to get a little bit more information about an individual before that court determines whether he should be transferred potentially to adult status or for dispositional purposes? That's why it uses those phrases, more detailed information, whether he should be committed for observation and study. You know, it doesn't have that same lingo in it that competency statutes have, because this is an informational sort of thing. And if you look at juvenile mail, too, where this was used in the context of 5037E, you know, you look at the factors that a court uses to determine whether or not somebody should be transferred to adult status. A lot of those factors are listed in 5037E as well in terms of his personal traits, his capability background. It's not a commitment statute in the sense of 4241 says if you're found incompetent, you're going to be committed to the custody attorney general for a period of four months. You know, they can try to seek additional time if needed. BOP always has the duty to put somebody in a suitable facility under 4241. And even under 5037E, it says appropriate agency. So this suggestion that 5037E would somehow require a different result in this case, again, we don't know that that's necessarily true. But doesn't that suggestion give the court the discretion to have the type of examination that needs to be done done? It could, yes. But I think the important thing is here, if this Court were to find that 5037E applies, a district court would have so much discretion. The district court could also choose, if somebody's found incompetent, never to commit them to determine whether or not they can be restored to competency like 4241 requires. And so, you know, one of the reasons the government thinks it's important for the court to find that 4241 applies is because there's a mandatory commitment there. If somebody's incompetent, they are then committed for treatment to determine whether or not they can be restored to competency. And we cited some legislative history. I think my worry is that it seems to me that in this particular case, which has a four-month limit to it under 4241, we're going on and on and on. I mean, now we're going to go on to the second four months. How far, much further we'd go, I don't know. But I guess I'm simply trying to understand why Section 5037 doesn't give you the same opportunities. It does give. I submit to Your Honor, it does give the same opportunities. We actually noted that in our brief. The last footnote, we note that. Our concern in having this Court say that 5037e applies sort of to the exclusion of 4241 is then it wouldn't be a mandatory commitment. And we think that that's the reason. I mean, 4241, it talks about all defendants. The legislative history says it's supposed to provide a uniform procedure. We think this applies to both adult defendants and juveniles. Now, Judge Burgess is correct, though, that if you do find that 5037e applies, the Court could, in its discretion, do exactly the same thing. But isn't this juvenile statute, wasn't that passed after 4241? It was. It was passed in 1974. The 4241 was passed in 1949. But in 1980, you know, in 1984, I think we cited some more legislative history. Again, they used the word offenders, they used the word defendants, they used the They don't talk about things in terms of adults only. And this Court in Jonah R. mentioned how this Court uses the word defendants and juveniles interchangeably. So under your approach, then, if a defendant were, say, 10 or 12 years old and committed a similar crime, they should be handled under 4241 and sent off to Butner? They would be sent to whatever suitable facility applies. Now, in that case, if he's 10 years old, a juvenile facility is probably where he would go. Because in this case, it's Where's the line, then? Well, a mandatory commitment says to the attorney general for a suitable facility. It doesn't say go to Butner. It says, you know, you go No, I understand that. But you said, you just said, well, if they're 10, then they'd probably go to a juvenile facility. Where's the line? My question is, where's the line? Oh, well, there would still be a mandatory commitment. If we have a 10-year-old who the U.S. attorney has certified we want to proceed as a juvenile because it's a serious crime, like in this case putting an ax in another person's head, if we had a 10-year-old who did that and the United States determined that that person should be prosecuted under the GEA, if that person was determined to be, we would move for commitment. I mean, I'm sorry. We would move for evaluation under 4241. If the person was found or the 10-year-old was found to be incompetent, then we would move for commitment under 4241 for that period of time to assess whether that person could be restored to competency. Now, where he goes, again, conditions of confinement are not at issue here, but a 10-year-old is in a different situation than this defendant who was 21. That's the reason that the attorney general picked Buttner, because he was an adult at the time. The JDA still applies to this defendant, though, and in a 10-year-old situation it would apply then, too. But the facilities would be different. But the commitment procedure and that notion that he should be evaluated and treated would be the same. And, you know, the BOP also said at the hearing, I believe said at the hearing as well, you know, if it was less time, if it takes less time than four months, they always come back and would tell the court that. I mean, in the Loeffner case, same thing. Even when it was extended, BOP said if it's less time, we'll let you know. And, of course, the court has said we'd like monthly report, I'd like a monthly report, and that's in Monday's order. I'd like a monthly report just so I can make sure that this person is not being committed longer than needed. But the bottom line is 4241 is a competency statute. 50370 is not a competency statute. But, again, practically speaking, if the court finds that 50370 applies to the exclusion of 4241, we think the district court can get there anyway. And, of course, on Monday the district court made that same observation. Scalia. Go ahead. You haven't asked anything. Kennedy. This program appears to be, at least, tailored to benefit the juvenile offender, and that's what the law requires. What would be the bottom line, though, of our decision, because we have to recognize that he is now in an adult treatment? Well, he's in adult facility, but you remember how earlier in January, although at the time the government briefed this, both the magistrate and district court said he could be with adults. In January, the district court granted the defendant's motion to reconsider that, and now he's segregated, so he is actually not with adults or interacting with them now. But the bottom line is, that's another point, is, you know, the defendant hasn't really identified what it is about 5037E that would provide some kind of greater protection. When you ask that question, too, about what's your remedy, I'm still not sure what the remedy is that they're seeking, because 5037E, I mean, when you think about the JDA, it's actually in the First Circuit case that the defense cited in the recent 28J. There's a case named Patrick V. It talks about the duality of purposes of the JDA or rehabilitation and protecting society. The way that the district court's proceeded here does not seem at all inconsistent with the JDA, nor do the application of 4241. It's very consistent as long as the other side has to respond to. So I'm wondering what, in your view, would be the decision of this Court, because we aren't going to. The decision of this Court should be just to affirm the district court's order of commitment. The district court correctly determined that he could be committed pursuant to 4241D, and that's the only issue before this Court, really. Well, it seems a little funny that that's what should be your argument when you're saying, even if you say 5037E, that's fine. We'll do what we've got to do under 5737E. It seems to me that 5037E is passed after we've got all this other statute under 4241. And, frankly, where the district court is suggesting that now this person must be It seems to me to give practical sense to commit the juvenile under 5037. I mean, he's segregated now. Well, what I'm saying is, is that when it comes to the pure question of law, 4241 was correctly applied. When it comes to the practical effect here, the result is likely to be the same, even if 5037E applies, because the district court has said on Monday that the district court would find that this commitment was appropriate. So, you know, the Court can make a ruling. And, again, I always know it's important to this Court about what the bottom line is. Affirm the district court's order of commitment. We also note that even if 5037 applied to this case, the result would be the same. Unless the Court has any other questions, I would rely on the briefing that we did and the subsequent letters and such, and ask this Court to affirm the district court. Thank you. Do you have another minute? Thank you, Your Honor. On the question of the remedy, and the district court this past Monday did not say that the present commitment would be suitable at Butner. It said only that inpatient would be required. There's no dispute as to that, of course. What we want is for the district court to receive input from the under 5037E, from the Attorney General, from the Bureau of Prisons, as to the possible places that a person in this situation might be designated, how they might accommodate someone in this unique situation, how they might do it locally, as required by the JDA, not far from his family, and in a place where he might be able to receive group treatment, where he would not have to be segregated. And that inquiry has not been permitted to occur yet. Normally, we aren't going to make the record. But normally, the defendant who wants a different result makes certain recommendations so that the Court considers it. Here, the Court did the very best it could. And we haven't ruled on the case, so I'm only speaking for a third of the Court. But the Court did the very best it could under the circumstances as they appeared. And when I look at this record to see, has the defense recommended a different solution? We know the seriousness of the crime. We know the age of the person. And we also have some inkling of his mental age. So we package this, and we've got a fairly unique situation. What I guess you want us to do is to say he's a juvenile and release him. Well, I don't know that any court, responsible court, is going to do that. No, no. We're not asking for release. We're asking that he come out. Well, he's over 21. Well, he's going to be preceded against as a juvenile now, regardless of his age, because the JDA was properly invoked before he turned 21, because the act was committed before he turned 18. And it was properly invoked by the government, right? Yes. That's the important part. Yes. Once the district court ordered that this commitment is occurring under 4241, it was out of our hands. There was nothing we could do to come forward and identify a different facility. I mean, had we done that, it would have meant nothing to anybody, because that decision of determining a suitable facility is solely for the Attorney General under 4241. And under 4241, the district court does not even have an opportunity, a chance to say, well, wait a minute, I'm not going to commit him if you're going to put him in those circumstances. So we haven't reached that yet, because we've been deprived of that opportunity. Once the district court ruled 4241 applied, we appealed the legal matter, which is where we are now. But factually, where's the best place for him? We haven't gotten there. It may be that if we come back, the district court determines that Butner is the best place. But it also may be that upon receiving additional information about where and what facilities the AG can contract with locally, that there is a better placement. And what we're asking for is that opportunity to explore that, which thus far we've been denied in this case. Kennedy, in your view, what would be the bottom line of this Court's ruling? What would be the ruling of this Court? D37E is the legal mechanism by which those accused juvenile delinquents under the jurisdiction of the District Court are granted competency evaluation and restoration treatment. Thank you, Counselor. Thank you. Case 12-10483, United States of America v. LKAV, Juvenile Mail, is hereby submitted.
judges: Burgess, Farris, Smith